991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Kidane ARAYA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9521.
 United States Court of Appeals, Tenth Circuit.
 April 19, 1993.
 
 1
 Before SEYMOUR and ANDERSON, Circuit Judges, and RUSSELL,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 DAVID L. RUSSELL, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Petitioner seeks review of a decision of the Board of Immigration Appeals (Board) affirming the order of an immigration judge (IJ) denying petitioner's applications for asylum and withholding of deportation. See 8 U.S.C. §§ 1158(a) and 1253(h). Upon consideration of the record and the parties' arguments, we affirm.
 
 
 6
 Petitioner, a citizen of Ethiopia, arrived in the United States in September 1983, having been awarded a World Bank scholarship to pursue graduate studies in geophysics. His authorization to remain in the United States was extended until September 1986. Petitioner received his graduate degree in May 1986 and applied for asylum later that summer. In support of his request for asylum, as well as his application for the withholding of deportation, petitioner asserted that, ethnically, he was an Eritrean and that his relatives were involved in several organizations fighting for Eritrean independence from Ethiopia. While in the United States, petitioner had also attended meetings of groups that opposed the Marxist government of Ethiopia. Although he had not joined any of these groups, petitioner asserted that his attendance at these meetings would be reported to Ethiopian authorities. Petitioner also indicated that he was a member of a priestly family of the Christian Orthodox church and was, therefore, subject to harassment by the Ethiopian government.
 
 
 7
 Following an evidentiary hearing, the IJ denied petitioner's applications for both asylum and withholding of deportation. In lieu of deportation, the IJ granted petitioner permission for a voluntary departure. See 8 U.S.C. § 1254(e).
 
 
 8
 Petitioner appealed the IJ's decision to the Board, which affirmed. The Board agreed with the IJ's conclusions that petitioner had failed to make the requisite showing for either asylum or the withholding of deportation. Alternatively, the Board took administrative notice of recent changes that had occurred in Ethiopia, concluding that those changes had eliminated any basis for petitioner's fear of persecution upon his return to that country.
 
 
 9
 Petitioner seeks review of the Board's decision, arguing 1) the Board erred in determining that the IJ's decision was substantially reasonable, and 2) the Board will violate petitioner's right to due process if it does not allow him an opportunity to rebut the inferences drawn from the administratively noticed changes occurring in Ethiopia. We affirm the Board's conclusion that petitioner failed to meet the requisite standard for either asylum or the withholding of deportation. In light of that conclusion, we need not address petitioner's arguments challenging the Board's alternative holding that intervening changes in Ethiopia have eliminated any basis for petitioner's applications.
 
 
 10
 This court will review the Board's legal interpretations de novo. Kapcia v. INS, 944 F.2d 702, 705 (10th Cir.1991). The Board's finding that petitioner is not eligible for asylum, however, will be upheld so long as it is " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992) (quoting 8 U.S.C. § 1105a(a)(4)).
 
 
 11
 Addressing first the application for asylum, petitioner had the initial burden of establishing that he is eligible for asylum because he is a refugee. Baka v. INS, 963 F.2d 1376, 1378 (10th Cir.1992). An applicant will be considered to be a refugee if he can establish either past " 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Kapcia, 944 F.2d at 706 (quoting 8 U.S.C. § 1101(a)(42)). Petitioner bases his claim for asylum only upon a fear of future persecution should he return to Ethiopia. Petitioner's Br. at 7.
 
 
 12
 The IJ determined that petitioner had failed to establish a well-founded fear of persecution because the government had known for some time, or at least had had ample opportunity to investigate, the fact that petitioner was Eritrean and a member of a priestly family of the Christian Orthodox church, as well as the fact that several of his family members were active in the Eritrean freedom movement. Nonetheless, petitioner had been able to obtain a university degree and then secure employment with the Ethiopian government, as well as apply for the World Bank scholarship through the Ethiopian Ministry of Education and subsequently take advantage of that opportunity to study in the United States. Further, the IJ noted that, while studying in the United States, petitioner had pursued his degree to completion without interference from the Ethiopian government. The IJ also determined that petitioner's claims that, while in the United States, he had attended meetings of organizations opposed to the Ethiopian government, were too vague and conclusory to establish a well-founded fear of persecution. The Board affirmed the IJ's conclusion, agreeing that petitioner had failed to establish a well-founded fear of persecution upon his return to Ethiopia.
 
 
 13
 Upon review of the record and the parties' arguments, we conclude that the Board's decision was " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " Elias-Zacarias, 112 S.Ct. at 815 (quoting 8 U.S.C. § 1105a(a)(4)). We, therefore, affirm the Board's decision denying the application for asylum.
 
 
 14
 Addressing next the application for the withholding of deportation, petitioner had the burden of establishing that his " 'life or freedom would be threatened in [his] country on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Kapcia, 944 F.2d at 709 (quoting 8 U.S.C. § 1253(h)). Petitioner had to demonstrate a clear probability of persecution by producing objective evidence that it is more likely than not that he will be subject to persecution upon deportation. Id. "Because substantial evidence supports the Board's findings that petitioner[ ] could not establish a well-founded fear of persecution, it follows that petitioner[ ] also failed to establish the tougher standard of clear probability of persecution required for withholding of deportation." Id. We, therefore, also affirm the Board's decision denying the application for withholding deportation.
 
 
 15
 In light of our conclusion that the record, as a whole, contains reasonable, substantial, and probative evidence supporting the Board's decision upholding the denial of the applications for asylum and the withholding of deportation, we need not address the Board's alternative holding that intervening changes in Ethiopia have eliminated any basis for petitioner's applications.[1]
 
 
 16
 The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner has filed with the INS a motion to reopen the deportation proceedings in light of the changes that have occurred in Ethiopia. See 8 C.F.R. § 3.2. Because, under the circumstances of this case, that is the more appropriate procedure for considering these changed circumstances, we decline petitioner's invitation to consider those developments in this appeal. See Petitioner's Br. at 12-13