46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Katerina BUBLOVA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9544.
 United States Court of Appeals, Tenth Circuit.
 Jan. 18, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Petitioner seeks review of the decision of the Board of Immigration Appeals (BIA) denying her application for asylum, see 8 U.S.C. 1158(a), based upon the BIA's affirmance of the immigration judge's (IJ) determination that she did not qualify as a refugee as defined by 8 U.S.C. 1101(a)(42)(A).[3] Having jurisdiction under 8 U.S.C. 1105a, " '[w]e apply the substantial evidence standard to a review of the Board's factual determination of whether an alien is a refugee.' " Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994)(quoting Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993)).
 
 
 2
 In order to establish that she is a refugee eligible for asylum, petitioner bears the burden of proving either that she suffered past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1101(a)(42)(A); see also, e.g., Kapcia v. INS, 944 F.2d 702, 706 (10th Cir.1991). In her petition for review, petitioner asserts that she established her status as a refugee by proving that she had suffered past persecution in her native Czechoslovakia as a result of the defections of her uncle and her sister. She contends that, because of the defections of her family members, government officials denied her educational and occupational opportunities and police officials harassed her and her family.
 
 
 3
 While "[e]ligibility for asylum can be based on the grounds of past persecution alone," Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992), "[t]o establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane," id. Review of the administrative record convinces us that petitioner failed to establish such past persecution. See id. (allegations that petitioners were harassed by fellow workers because they were Catholics and because they were not Communist Party members, and allegations that they were ineligible for promotions and held less advantageous jobs because they refused to join Communist Party, not sufficient to establish past persecution necessary for asylum eligibility); Kapcia, 944 F.2d at 704, 708 (petitioner's allegations that, among other things, he was beaten and interrogated, his home was searched, he received poor work assignments, was denied bonuses, and was finally fired from his job were insufficient to establish "severe enough past persecution to warrant refugee status").
 
 
 4
 We, therefore, AFFIRM the BIA's denial of petitioner's application for asylum.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 In applying for asylum, petitioner conceded her deportability. In her petition for review, petitioner does not challenge the BIA's decision to deny her request for the withholding of deportation