**UNITED STATES COURT OF APPEALS**
**Filed 8/5/96**
**TENTH CIRCUIT**

MANSUR ABDUL HABIL, NAEIMA
MOHAMMED EL EMAM, AHMED
MANSUR HABIL,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 95-9515
(BIA Nos. A26-544-305, A26-803-286
& A26-907-988)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, MCWILLIAMS, and BALDOCK, Circuit Judges.

Mansur Habil, his wife Naeima El Emam, and their son Ahmed Mansur appeal

the decision of the Board of Immigration Appeals ("the Board") denying their motion

to reopen their deportation proceedings.  Our jurisdiction arises under 8 U.S.C. §

1105a(a), and we affirm.

Habil, his wife, and their son were all born in Derna, Libya.  Habil and his

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

wife entered the United States in 1981 as nonimmigrant exchange students. Their son entered the United States with them as a nonimmigrant dependent of an exchange student. While residing in the United States, Habil and his wife had four more children.

The Immigration and Naturalization Service (INS) issued orders to show cause, alleging that each petitioner was a native and citizen of Libya, had stayed in the United States beyond the time permitted by law, and had failed to depart within the time specified. The petitioners conceded deportability and applied for asylum, withholding of deportation, and suspension of deportation. The immigration judge denied the petitioners' application, and the petitioners appealed.

After filing a notice of appeal with the Board, the petitioners' then-counsel moved to withdraw her entry of appearance on the grounds that the petitioners' whereabouts were unknown and that she had been unable to contact them. The Board dismissed the appeal as "moot as abandoned" because petitioners had "provided no address at which any decision on the merits [could] be effectively served." The petitioners appealed the Board's decision to this court, and we affirmed. Habil v. INS, 941 F.2d 1213 (10th Cir. 1991) (unpublished opinion).

The petitioners then filed a motion to reopen with the Board. They argued that their appeal should not have been dismissed as abandoned and that they had established a prima facie case for asylum and for suspension of deportation. The

Board denied the motion to reopen on the grounds that the petitioners' new evidence was inadequate to warrant reopening the appeal, that their evidence on the asylum issue did not establish a prima facie case, and that they were statutorily ineligible for suspension of deportation. This appeal followed.

The Board may deny a motion to reopen for various reasons, among them: (1) failure to establish a prima facie case for the relief sought, (2) failure to introduce previously- unavailable material evidence, or (3) a determination that even if these requirements were satisfied, the movant would not be entitled to the discretionary relief sought. INS v. Doherty, 502 U.S. 314, 323 (1992). We review decisions to deny motions to reopen for abuse of discretion. Id. at 323-24.

The petitioners raise three issues on appeal. First, they contend that the Board abused its discretion by refusing to reconsider its decision to dismiss the petitioners' previous appeal as abandoned. This court affirmed the Board's decision, creating law of the case on this issue. Habil, 941 F.2d at 1213. It was not an abuse of discretion for the Board to refuse to reconsider a decision that was affirmed by this court. In addition, the petitioners did not produce any previously-unavailable evidence that they had not abandoned their appeal. In the absence of such evidence, petitioners are not entitled to have their appeal reopened.

Second, the petitioners claim that the Board erred by denying their motion to reopen their asylum case. To be eligible for asylum, the petitioners must

demonstrate either past persecution or a well-founded fear of future persecution based on race, religion, nationality, membership in a particular social group, or political opinion. Baka v. INS, 963 F.2d 1376, 1378-79 (10th Cir. 1992). The petitioners bear the burden of demonstrating that they are eligible for asylum. Id. at 1378.

In support of their motion, the petitioners produced (1) a telegram, written in 1993, urging Habil not to return to Libya because his family had been "questioned and searched by the police" due to Habil's criticism of the Libyan government and (2) a list of people detained by the Libyan government between January 1989 and April 1990 whose circumstances were similar to Habil's. After reviewing the record, we conclude that the Board did not abuse its discretion when it determined that this evidence was cumulative and not previously unavailable. The list of detainees, for example, is the same type of evidence as the list of executed Libyans that the petitioners submitted when they initially applied for asylum. The list of detainees is no more related to the petitioners' specific circumstances than was the list of executed Libyans. Similarly, the telegram's vague assertion that members of Habil's family had been questioned does not add new evidence establishing a prima facie case.

Third, the petitioners argue that they are eligible for suspension of deportation. In general, exchange aliens may not apply for suspension of deportation. 8 U.S.C.

§ 1254(f)(3). An exchange alien may apply for suspension of deportation only if he has lived in his country of origin for two years following his departure from the United States. Id.; 8 U.S.C. § 1182(e). This two-year foreign residency requirement applies to exchange aliens whose program is financed in whole or in part, directly or indirectly, by the government of the alien's home country. 8 U.S.C. 1182(e). The record indicates that Habil's program was financed in part by Libya. Thus, the petitioners are subject to the two-year foreign residency requirement.

In its opinion, the Board noted that if the petitioners could show that they had fulfilled the foreign residency requirement, or that the INS had waived the requirement, they would not be barred from applying for suspension of deportation. See 8 U.S.C. 1254(f)(3)(C). However, the record contains no evidence that the residency requirement was fulfilled or waived. The petitioners filed for a waiver of the requirement in 1988, but the record does not contain either a waiver or a denial of the request for a waiver.

The petitioners contend that the INS has not acted on their application for a waiver and, therefore, that the INS should be estopped from asserting that they are ineligible for suspension of deportation. Our review is limited to the administrative record, 8 U.S.C. § 1105a(a)(4). The record does not indicate whether the waiver request was granted or denied; thus, we have no way of knowing whether the INS acted at all, much less the result of any action. In the absence of some evidence in

the record that the residency requirement was fulfilled or waived, the petitioners are not eligible for suspension of deportation. We therefore conclude that the Board did not abuse its discretion by denying the petitioners' request to reopen their motion for suspension of deportation.

In summary, we hold that the Board did not abuse its discretion by refusing to reopen the petitioners deportation proceedings. The decision of the Board is AFFIRMED.

ENTERED FOR THE COURT,

Deanell Reece Tacha
Circuit Judge