Istvan BAKA, Eva Baka, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 91–9533.

United States Court of Appeals, Tenth Circuit.

May 13, 1992.

Daniel F. Boyle, Denver, Colo., for petitioners.

Stuart M. Gerson, Asst. Atty. Gen., Civil Div., Richard M. Evans, Asst. Director, Office of Immigration Litigation, Civil Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

Before MOORE, TACHA, and BRORBY, Circuit Judges.

PER CURIAM.

Petitioners Istvan Baka and his wife Eva Baka appeal from an order of the Board of Immigration Appeals (Board) affirming the judgment of the immigration judge (IJ) which denied the Bakas' applications for asylum and withholding of deportation and granted their application for voluntary departure.[1] We affirm.

On June 8, 1988, the Bakas and their son, Istvan Baka, Jr.[2] were admitted to this country from Hungary on B–2 visitor visas. Having overstayed their authorized visit in violation of 8 U.S.C. § 1251(a)(2), deportation proceedings were commenced. The Bakas conceded deportability, but applied for asylum and withholding of deportation.

After a hearing before the IJ, the Bakas' applications were denied. They were granted voluntary departure.

On appeal, the Board affirmed the immigration judge's order after taking administrative notice of the fact that the Hungarian government has been "dismantled" and that Hungary is now a "western-style parliamentary democracy." Administrative R. at 11 (citing to *Hungary: Country Papers and Fact Sheet*, December 1990, Bureau of European and Canadian Affairs, United States Department of State). The Board held that the Bakas had failed to establish an objective basis for their fear of persecution and there was no indication asylum should be granted for humanitarian reasons.

On appeal, the Bakas argue that the Board improperly took administrative notice of the fact that the Communist party was no longer in total control of the Hungarian government. They also argue that the Board imposed the improper burden of proof of past persecution on the Bakas consequently denying them asylum for humanitarian reasons.

■■■ "[T]he Immigration and Nationality Act has provided two methods through which an otherwise deportable alien who claims that he will be persecuted if deported can seek relief." *INS v. Cardoza–Fonseca*, 480 U.S. 421, 423, 107 S.Ct. 1207, 1209, 94 L.Ed.2d 434 (1987). The Attorney General, at his discretion, may grant asylum to an alien who is unwilling or unable to be repatriated due to past "persecution or a well-founded fear of [future] persecution" in accordance with 8 U.S.C. § 1101(a)(42). *Id.* Under 8 U.S.C. § 1253(h), however, the Attorney General must withhold deportation of an alien who shows that his life or freedom would be threatened if he were to be deported. *Id.* Thus, the Act establishes "a broad class of refugees who are eligible for a discretionary grant of asylum, and a narrower class of aliens who are given a statutory right not to be deported to the country where they are in danger." *Id.* at 424, 107 S.Ct. at 1209.

■■■ "The alien bears the burden of proof in the deportation proceedings." *Kapcia v. INS*, 944 F.2d 702, 707 (10th Cir.1991). The alien must prove eligibility for asylum "by establishing that he or she is a refugee. To establish refugee status, the alien must prove either past 'persecution or a well-founded fear of persecution

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

**2.** Istvan Baka, Jr. also appealed from the Board's order. After the notice of appeal was filed, however, he married a United States' citizen and is no longer subject to deportation. His appeal was dismissed July 21, 1991.

on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Id.* at 706 (quoting 8 U.S.C. § 1101(a)(42)). We review the Board's findings of whether the alien met his burden under the substantial evidence standard. *Id.* at 707.

In attempting to meet his burden, the alien must establish a "well-founded fear of persecution." Persecution has been defined "as the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive. '"Persecution" or "well-founded fear of persecution" encompass[es] more than just restrictions or threats to life and liberty.'" *Zalega v. INS,* 916 F.2d 1257, 1260 (7th Cir.1990) (quoting among others *Desir v. Ilchert,* 840 F.2d 723, 726 (9th Cir.1988)) (citation omitted).

■■■■ The Bakas attempted to establish their fear of future persecution not only by reference to past instances of alleged persecution, *see infra,* but also by noting that they had called their employers upon their arrival in the United States informing them that they would not be returning to Hungary. The Bakas also stated that they feared they would be unable to obtain employment upon their return. Potential job loss or generalized economic disadvantage, however, does not equal persecution. *See Zalega,* 916 F.2d at 1260 (termination of employment alone not economic persecution). The Bakas also stated that they feared retaliation because they had been out of the country over ninety days.

■■■■ The Board rejected the Bakas' claim of fear of future persecution by taking official notice of the changes in the Hungarian government. The Bakas argue that the Board should not have taken official notice because the changes are not common knowledge. The Bakas argue that the Board engaged in insufficient rule making and, therefore, could not reasonably interpret the facts. The Bakas further argue that the changes in Hungary are volatile, are not well understood by reasonable people, are not quantifiable or qualifiable as to the plain meaning of attendant practical consequences, and the meaning of the downfall of Communist influence is subject to dispute and uncertainty.

"An agency such as the Board may take 'official notice' of 'commonly acknowledged facts, [and] ... technical or scientific facts that are within the agency's area of expertise.'" *Kapcia,* 944 F.2d at 705 (quoting *McLeod v. INS,* 802 F.2d 89, 93 n. 4 (3d Cir.1986)). "'The Board's notice of current events bearing on an applicant's well-founded fear of persecution ... falls within this accepted category.'" *Kapcia,* 944 F.2d at 705 (quoting *Kaczmarczyk v. INS,* 933 F.2d 588, 593–94 (7th Cir.), *cert. denied,* ── U.S. ──, 112 S.Ct. 583, 116 L.Ed.2d 608 (1991)). The taking of such notice is "committed to the broad discretion of the agency." *Rivera–Cruz v. INS,* 948 F.2d 962, 966 (5th Cir.1991). We find no abuse here.

■■■■ Eligibility for asylum can be based on the grounds of past persecution alone even though there is "no reasonable likelihood of present persecution." *Id.* at 969. To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. *Id.* The Bakas stated that they had been harassed by fellow workers because they did not belong to the Communist Party and because they were members of the Catholic Church. They also alleged that they were not eligible for promotions and held less advantageous jobs than members of the Party. This level of harassment does not indicate a level of persecution which would "so sear a person with distressing associations with his native country that it would be inhumane to force him to return there, even though he is in no danger of further persecution." *Skalak v. INS,* 944 F.2d 364, 365 (7th Cir.1991) (asylum denied even though alien jailed twice for interrogation and harassed by officials at her job); *Rojas v. INS,* 937 F.2d 186, 188, 189–90 (5th Cir. 1991) (asylum denied despite the fact that alien was arrested, beaten, tortured, and later fired from job and denied other employment). The incidents cited by the Bakas do not rise to this level of persecution.

The Attorney General has no discretion to withhold deportation if he has determined that the alien's life or freedom would be threatened if he were to be deported. 8 U.S.C. § 1253(h). To be eligible for withholding of deportation, the alien must demonstrate " 'a clear probability of persecution' " with " 'objective evidence that it is more likely than not that he or she will be subject to persecution upon deportation.' " *Kapcia*, 944 F.2d at 709 (quoting *Cardoza–Fonseca*, 480 U.S. at 430, 107 S.Ct. at 1212). Because the Bakas did not establish a well-founded fear of persecution, it follows that they also "failed to establish the tougher standard of clear probability of persecution required for withholding of deportation." *Kapcia*, 944 F.2d at 709.

The judgment of the Board denying the Bakas' applications for asylum and withholding of deportation is AFFIRMED.