986 F.2d 1426
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Joselito CERVANTES, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9525.
 United States Court of Appeals, Tenth Circuit.
 Feb. 17, 1993.
 
 Before LOGAN, JOHN P. MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Joselito S. Cervantes appeals an order of the Board of Immigration Appeals (BIA) affirming a final deportation order issued by an immigration judge. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We must affirm if the findings of the BIA are supported by substantial evidence unless the BIA committed an error of law. Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992).
 
 
 3
 The issues on appeal are whether the Immigration and Naturalization Service (INS) established that petitioner was deportable under 8 U.S.C. § 1186a(b)(1)(A), and whether this court has jurisdiction to consider petitioner's application for waiver pursuant to 8 U.S.C. § 1186a(c)(4).
 
 
 4
 Petitioner married Alma Perez, a naturalized United States citizen, on February 20, 1987, in the Philippines. She returned to the United States shortly after the wedding. Petitioner, a native of the Philippines, entered the United States on October 21, 1987. He then obtained conditional permanent resident status by virtue of his marriage to Perez. The couple separated on three different occasions. Perez ultimately filed for divorce, which was granted on September 25, 1989, less than two years after petitioner obtained conditional permanent resident status.
 
 
 5
 During the couple's final separation Perez contacted the INS. She eventually executed an affidavit describing the separations and recounting a conversation in October 1988 in which petitioner apparently acknowledged he did not love Perez, and that he had used the marriage to obtain his immigration papers.
 
 
 6
 The INS notified petitioner by letter of intent to terminate his conditional permanent resident status because of marital fraud. In an unsworn response, petitioner denied marital fraud and indicated his intent to salvage the marriage. The INS thereafter revoked his conditional permanent resident status and informed him by certified letter of his right to request review of this final decision. The INS issued an Order to Show Cause and Notice of Hearing on the issue of whether petitioner should be deported pursuant to 8 U.S.C. § 1251(a)(9)(B).[1]
 
 
 7
 At the deportation hearing, petitioner contested termination of his immigration status, challenged whether the INS had established marital fraud, and attempted to demonstrate the medical and economic hardship he would suffer if deported. The judge also heard evidence in support of petitioner's application for waiver pursuant to 8 U.S.C. § 1186a(c)(4).
 
 
 8
 After hearing testimony from Perez, two of her sisters and petitioner, and receiving numerous exhibits into evidence, the immigration judge (IJ) found the testimony of Perez regarding petitioner's admission of marital fraud, corroborated by one sister, credible and petitioner's denial not credible. The IJ also found that petitioner's actions in leaving Perez repeatedly and without informing her of his whereabouts supported a finding that petitioner never intended "to make the marriage work." IR. 25. The IJ concluded that the marriage was for immigration purposes and that petitioner failed to establish extreme hardship that might permit him to otherwise avoid deportation.
 
 
 9
 On appeal the BIA affirmed these findings. The BIA decision went on to note that even absent marital fraud, because the marriage was judicially terminated within two years of receiving conditional permanent resident status other than by death of a spouse, petitioner would still be subject to deportation. 8 U.S.C. § 1186a(b)(1)(A)(ii). Finally, the BIA opinion noted the immigration judge was without authority to consider petitioner's application for hardship waiver because original jurisdiction to rule on such applications lies with the appropriate regional service center director. 8 C.F.R. § 216.5(c) and (f).
 
 
 10
 We reject petitioner's argument that the preponderance of evidence burden of proof is inapplicable in proceedings to terminate conditional permanent resident status and is a denial of equal protection and due process. Section 1186a(b)(2) evinces specific legislative intent that the preponderance of evidence standard applies to cases such as this. See also 8 C.F.R. § 216.3(a). The statutory language is clear and unambiguous and must be applied accordingly. INS v. Cardoza-Fonseca, 480 U.S. 421, 445-46 n. 29 (1987). We see no constitutional infirmity in this legislated burden of proof.
 
 
 11
 We have reviewed the entire record and agree that the findings of the immigration judge and BIA are supported by substantial evidence. Although petitioner offered some documentary evidence that he entered into a bona fide marriage, we agree with the immigration judge that most of this evidence is of the type easily manufactured to defend against charges of marital fraud. Petitioner did not challenge the evidence that his marriage was judicially terminated within two years of obtaining conditional permanent resident status. 8 U.S.C. § 1186a(b)(1)(A)(ii). Either of these circumstances supports termination of his conditional permanent resident status.
 
 
 12
 Finally, we agree with the BIA that petitioner's attempt to gain a hardship waiver was wholly ineffective. The applicable regulation requires such applications (Form I-752) to be first filed with the INS resident service center director. 8 C.F.R. § 216.5(c) and (f). Petitioner filed his application with the IJ on the last day of the deportation hearing. The BIA correctly determined the IJ was without jurisdiction to consider that application.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The statute has since been amended, with the current version now codified at 8 U.S.C. § 1251(a)(1)(G)