UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BOSSON AMON; CELINE KLU AMON,
Petitioners,

v.

No. 96-1382

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-371-319, A29-915-745)

Submitted: October 31, 1996

Decided: November 20, 1996

Before WIDENER, MURNAGHAN, and ERVIN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Lizbeth R. Levinson, June B. Brown, PEPPER, HAMILTON &
SCHEETZ, Washington, D.C., for Petitioners. Frank W. Hunger,
Assistant Attorney General, David V. Bernal, Senior Litigation Coun-
sel, Patricia M. Connally, Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bosson and Celine Klu Amon petition for review of a final order of the Board of Immigration Appeals (Board) denying their applications for asylum and withholding of deportation. This court previously denied Petitioners' motion to supplement the record with a copy of the April 1996 State Department Country Report for Ivory Coast but granted Petitioners' motion to submit the case for decision on the briefs without oral argument. Because substantial evidence supports the Board's decision, we deny the petition.

I

The Amons, both natives and citizens of the Ivory Coast, entered the United States separately with tourist visas and remained in the country after the visas expired. After they were denied asylum, the Immigration and Naturalization Service commenced deportation proceedings against them. At a hearing before an immigration judge (IJ), the Amons conceded deportability, seeking either asylum, withholding of deportation, or to leave the United States voluntarily. The hearing focused on Bosson Amon's (Amon) claim for asylum, as he is the principal applicant for relief.

Following the hearing, the IJ issued a decision denying the request for asylum and withholding of deportation, and granting the request for voluntary departure. The Amons timely appealed to the Board. The Board dismissed the appeal, finding that the Amons had not met the evidentiary burden necessary to establish entitlement to asylum and withholding of deportation. The Amons timely petitioned this court for review of the Board's order.

II

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any "refugee." 8

U.S.C.A. § 1158(a) (West Supp. 1996). The Act defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1996); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

Eligibility for asylum can be based on grounds of past persecution alone even though there is "no reasonable likelihood of present persecution." Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. Id.

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

We must uphold the Board's determination that the Amons are not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1970). We accord the Board all possible deference. Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Amon] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

III

Amon disagrees with the Board's conclusion that he did not qualify for asylum because he did not meet his statutory burden. Citing his detention, threats received, and subsequent termination from employ-

3

ment due to his political opinion, he contends that he suffered past persecution in his home country and so established his eligibility for asylum.

After a careful review of the administrative record, we find that the harms suffered by Amon in the Ivory Coast simply do not constitute persecution. Amon was detained and questioned on only one occasion because of his activities with the Front Populaire Ivorien (FPI). He was not physically harmed and was released after a matter of hours. Upon his release, the police told him to cease political activity or his family would be threatened. While we do not condone such actions, that one, brief detention does not qualify as persecution. See Zalega v. INS, 916 F.2d 1257, 1260 (7th Cir. 1990).

Likewise, Amon's loss of job benefits and ultimate dismissal do not rise to the level of persecution. Amon presented no evidence of attempts to find other employment, or whether other employment was possible. He thus failed to demonstrate a "probability of deliberate imposition of substantial economic disadvantage," and so does not establish past persecution on this basis. Kovac v. INS, 407 F.2d 102, 107 (9th Cir. 1969). Even considered together, the job loss and single detention do not suffice to establish past persecution. Zalega, 916 F.2d at 1260.

Amon next contends that the Board erred in concluding that he had no well-founded fear of persecution. Although his subjective fear appears genuine, we cannot conclude that a reasonable person in Amon's circumstances would fear persecution if he returned to the Ivory Coast. Huaman-Cornelio, 979 F.2d at 999. Evidence established that under the Ivory Coast's new president, who took office in 1993, the FPI and other opposition groups have been actively and openly pursuing their goals. Furthermore, Amon himself testified that he keeps in touch with friends in the Ivory Coast, and that to his knowledge no FPI members are currently incarcerated. Based upon the overall country conditions, FPI membership such as Amon's is not a sufficient basis for reasonable fear of persecution. There is no evidence in the record suggesting Amon would be killed in the Ivory Coast because of that membership. We therefore conclude that substantial evidence supports the Board's finding that Amon did not meet his burden of establishing eligibility for asylum.

The standard for withholding of deportation is more stringent than that for granting asylum. <u>INS v. Cardoza-Fonseca</u>, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." <u>Id.</u> at 430. As the Amons have not established entitlement to asylum, they cannot meet the higher standard for withholding of deportation. We accordingly deny the petition for review.

<u>PETITION DENIED</u>