**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ANDREW MALINGA, also known as
Patrick Ariko,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9515
(No. A72-578-739)
(Petition for Review)

ORDER AND JUDGMENT*

Before PORFILIO, ANDERSON, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, a citizen of Uganda, seeks review of the decision of the Board of Immigration Appeals (Board) affirming the Immigration Judge's (IJ) denial of his petition for asylum and withholding of deportation, pursuant to the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) & 1253(h). We have jurisdiction to review the Board's order under 8 U.S.C. § 1105a(a). We agree with the Board's determination and deny the petition for review.

Petitioner alleges he has been persecuted by the government of Uganda because of his political opinions and activities. When in college, he was a member of a student organization, National Union Student Organization, which was part of the political party then in power, Uganda People's Congress (UPC). Petitioner worked part-time for the Ministry of Revenue prior to his graduation, and after his graduation in 1985, he became a full-time revenue collector. In 1985, when the UPC was overthrown by the National Resistance Movement (NRM), petitioner was arrested and detained in prison. Many other supporters of the UPC were also detained. The detainees, including petitioner, were interrogated but were not tortured, and they were forced to live under overcrowded and harsh conditions while detained in prison. Petitioner was released after two months. After his release, he was required to report regularly to the police for a period of three months. Thereafter, he attended mandatory reeducation or "politicization" classes for an additional three months. He was

then permitted to resume his prior government employment, where he worked until he obtained a visa and fled to the United States in 1991. Just prior to his departure, four of petitioner's friends were arrested. Two of them died shortly after release from custody, and the other two disappeared. Petitioner believes that if he had stayed in Uganda, he would have been arrested and killed.

<u>Asylum</u>

Two steps are required for a grant of asylum: (1) the alien must establish that he or she is a refugee under 8 U.S.C. § 1101(a)(42); and (2) the Attorney General will then exercise her discretion to grant or deny asylum. <u>Rezai v. INS</u>, 62 F.3d 1286, 1289 (10th Cir. 1995). "To establish refugee status, the alien must prove either past 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" <u>Kapcia v. INS</u>, 944 F.2d 702, 706 (10th Cir. 1991)(quoting 8 U.S.C. § 1101(a)(42)). The Board's factual determination of whether an alien is a refugee is reviewed for substantial evidence; the Attorney General's decision whether to grant asylum is reviewed for an abuse of discretion. <u>Nguyen v. INS</u>, 991 F.2d 621, 625 (10th Cir. 1993). Questions of law are reviewed de novo. <u>Kapcia</u>, 944 F.2d at 705. "The alien bears the burden of proof in the deportation proceedings." <u>Id</u>. at 707. We are concerned here with the first step, whether petitioner has established his status as a refugee, as defined by § 1101(a)(42).

We must uphold the Board's determination that petitioner is not eligible for asylum if the record considered as a whole contains reasonable, substantial, and probative evidence to support that determination. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Reversal is appropriate only where the evidence would compel a reasonable fact finder "to conclude that the requisite fear of persecution existed." Id. at 481 & n.1.

"Persecution has been defined as the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive. Persecution or well-founded fear of persecution encompass[es] more than just restrictions or threats to life and liberty." Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992)(quotations omitted). "The 'well-founded fear of persecution' standard, with which we are concerned in this appeal, involves both a subjective 'fear' component, and an objective 'well-founded' component. The subjective component requires that the alien's fear be genuine. However, this component is not relevant until the alien proves the objective component." Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir. 1994).

In this case, petitioner has not met his burden of establishing that his fear of persecution is well-founded. At the time the new government took power, it detained, interrogated, and imposed police-reporting and reeducation requirements upon many people, regardless of their political affiliations. After

his release from detention and reeducation, petitioner returned to his government job and remained there for six years until he left Uganda. His claim that he may suffer reprisals for having traveled to neighboring Kenya on four occasions during 1990 and 1991 to organize UPC support does not provide a basis for a well-founded fear of persecution because he has not established that any NRM member or other government official knew the purpose of those trips. Similarly, petitioner presented no evidence that the death or disappearance of his four friends was caused by Uganda government operatives.

The report by the United States Department of State, submitted pursuant to 8 C.F.R. § 208.11, states that the current government includes members of other parties, including the UPC, R. at 153, and that a fair election was held in March 1994, id. at 209. Petitioner's general claims that reports indicate the current government has committed abuses of human rights, has harassed journalists, and has restricted political party activities, does not establish that petitioner will be persecuted. Further, petitioner's family did not suffer at the hands of the NRM, despite his father's membership in the UPC. Accordingly, based on our review of the entire record, we conclude that substantial evidence supports the Board's conclusion that petitioner failed to meet his burden of proving his affiliation with the UPC will subject him to persecution on the basis of race, religion, nationality, or membership in a particular social group.

<u>Withholding of deportation</u>

8 U.S.C. § 1253(h) provides that an alien shall not be deported if his or her life or freedom would be threatened due to his or her "race, religion, nationality, membership in a particular social group, or political opinion." In this case, because petitioner did not establish the lower standard for asylum, a well-founded fear of persecution, he also failed to establish the higher standard for withholding deportation, a clear probability of persecution. See Rezai, 62 F.3d at 1289. Therefore, we affirm the Board's decision to deny withholding of deportation.

The petition for review is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge