**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

EDITH MILLER, a/k/a Edith Stewart,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 96-2201

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-848-462)

Submitted: February 25, 1997

Decided: March 19, 1997

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Ronald D. Richey, L. JOHNSON & ASSOCIATES, P.C., Wheaton,
Maryland, for Petitioner. Frank W. Hunger, Assistant Attorney Gen-
eral, Brenda E. Ellison, Senior Litigation Counsel, Laura M. Fried-
man, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Edith Miller petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation and denying her motion to remand for consideration of adjustment of status. We deny the petition.

Miller, a native and citizen of Sierra Leone, first takes issue with the Board's denial of her motion to remand because she failed to make a prima facie showing of eligibility for adjustment of status. Like a motion to reopen deportation proceedings, we review the denial of a motion to remand to the immigration judge for abuse of discretion. See M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc) (denial of motion to reopen reviewed for abuse of discretion); Rodrigues v. INS, 841 F.2d 865, 867 (9th Cir. 1987) (reviewing motion to reopen and motion to remand similarly).

To qualify for adjustment of status, an applicant must show: (1) that she has applied for adjustment of status; (2) that she is eligible to receive an immigrant visa and is admissible to the United States; and (3) that an immigrant visa is immediately available to her at the time her application is filed. 8 U.S.C. § 1255(a) (1994). Because Miller did not submit a Form I-485 application for adjustment of status or otherwise provide sworn information concerning her character and criminal history, we conclude that the Board did not abuse its discretion in denying her motion to remand.

Miller next contends that the Board erred in denying her asylum and withholding of deportation. The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on

2

account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.§ 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d at 307. Eligibility for asylum can be based on past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS , 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)).

We must uphold the Board's determination that Miller is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). In conducting our review, we accord the Board all possible deference. Huaman-Cornelio v. BIA, 979 F.2d 995, 999 (4th Cir. 1992).

Our review reveals substantial evidence to support the Board's finding that Miller is fleeing generalized violence and unrest in Sierra Leone rather than persecution due to her political opinion or membership in a particular social group namely her family. While Miller was indeed the victim of a robbery and beating in her country, there is no evidence that she was singled out because of political opinion or because of her family membership. See M.A., 899 F.2d at 315. Moreover, Miller admits she fears return due to the indiscriminate violence of the rebels, and not because she will be targeted specifically. There is simply no evidence in the record which suggests that Miller has been or would be singled out for persecution on account of one of the statutory grounds.

As Miller has not established entitlement to asylum, she cannot meet the higher standard to qualify for withholding of deportation. INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). Accordingly we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

PETITION DENIED

3