**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SPIRIDON VIKTOROV SAVOV,
Petitioner,

v.

No. 98-1072

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-371-206)

Submitted: July 21, 1998

Decided: August 6, 1998

Before WILKINS and WILLIAMS, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Farhat T. Ahmed, FARHAT TASNEEM AHMED, P.C., North Poto-
mac, Maryland, for Petitioner. Frank W. Hunger, Assistant Attorney
General, Karen Fletcher Tortstenson, Karen Ann Hunold, Office of
Immigration Litigation, UNITED STATES DEPARTMENT OF JUS-
TICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Spiridon Viktorov Savov petitions for review of an order of the Board of Immigration Appeals [Board] denying his application for asylum and withholding of deportation, but granting his application for voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

Savov, a native and citizen of Bulgaria, entered the United States as a visitor. He overstayed his visa and concedes his deportability. Following a hearing, the Immigration Judge denied Savov's petitions for asylum and withholding of deportation but granted his application for voluntary departure. The Immigration Judge concluded that Savov lacked a basis for a fear of future persecution because of changed country conditions and that Savov's alleged past persecution was not so severe to entitle him to a humanitarian grant of asylum. Savov appealed, and the Board adopted and affirmed the decision of the Immigration Judge.

An alien qualifies for asylum if he is unable or unwilling to return to the country of his nationality "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998). The well-founded fear standard contains both a subjective and an objective component. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). The subjective element requires a genuine fear on the part of the alien. See Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective component requires credible, specific, direct evidence supporting a reasonable fear that the alien faces persecution. See id.

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1)

2

(1997). This presumption may be rebutted by evidence demonstrating that there is no longer a reasonable fear of future persecution, such as when conditions in an alien's native country have changed significantly. See 8 C.F.R. § 208.13(b)(1)(i) (1997).

Eligibility for asylum can also be based on the ground of past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. See id.; see also Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989).

Savov disagrees with the Board's affirmation of the Immigration Judge's determination that even if he suffered past persecution, it was not severe enough to warrant a humanitarian grant of asylum and that he was not entitled to asylum because he did not have a well-founded fear of future persecution due to changed country conditions. Our review reveals, however, that substantial evidence supports the Immigration Judge's determination that Savov did not satisfy his statutory burden. We agree that while unfortunate, Savov's mistreatment due to his anti-Communist beliefs--his rejections from medical school, his draft into and experiences in the military, his detention and interrogation about his father and his activities by the military--does not merit a humanitarian grant of asylum based on past persecution alone. In addition, we find that Savov could not show a well-founded fear of future persecution because of changes in country conditions. The State Department report revealed that various changes in Bulgaria since Savov was present in Bulgaria indicate that past mistreatment in the Communist years of Bulgaria will not lead to mistreatment in the future. The Immigration Judge also noted that Savov's own witness offered only unsupported lay opinions and did not establish that he had reason to fear persecution in Bulgaria.

Accordingly, we find that substantial evidence supports the Board's decision denying asylum. Because Savov fails to meet the burden of proof for asylum, it is not necessary for us to decide whether he meets the higher standard for withholding of deportation under 8 U.S.C.A. § 1253(h) (West Supp. 1997). See Cardoza-

3

Fonseca, 480 U.S. at 430-32; Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991).

We affirm the Board's ruling denying Savov asylum and withholding of deportation but granting voluntary departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4