**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BANCHI ALEM ANIMUT KENDE,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-1889

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A71-799-180)

Submitted: December 29, 1998

Decided: January 20, 1999

Before WIDENER, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Fishbein, LAW OFFICE OF DAVID GARFIELD, Wash-
ington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney
General, Civil Division, Brenda E. Ellison, Senior Litigation Counsel,
Ernesto H. Molina, Jr., Office of Immigration Litigation, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Petitioner Banchi Alem Animut Kende seeks review of the final order of deportation issued by the Board of Immigration Appeals (BIA or Board). Kende's petition assigns error to the Board's determination that she did not provide credible evidence to support her request for asylum. Finding no error, we affirm the Board's order.

Kende is a citizen of Ethiopia. She left Ethiopia in 1991 and arrived in the United States using a student visa. In Ethiopia, Kende lived with her parents in Addis Ababa. Kende contends that her father was a prominent political figure in the previous political regime and was a former Mengistu official. Kende alleged that she and her family suffered persecution from the new government.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (citation omitted); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

2

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1) (1998). This presumption may be rebutted by evidence demonstrating that there is no longer a reasonable fear of future persecution, such as when conditions in an alien's native country have changed significantly. See 8 C.F.R. § 208.13(b)(2) (1998).

Eligibility for asylum can also be based on grounds of past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. Id. ; see Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989).

We must uphold the Board's determination that Kende is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). We accord the Board all possible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Kende] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

On appeal, Kende only asserts that the Board erred in finding that her testimony before the IJ was not credible regarding a rape she alleged that she suffered by two Ethiopian government soldiers. An IJ's credibility determination is granted substantial deference and is reviewed under a substantial evidence standard. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989).

In reviewing Kende's request for asylum, the Board found she lacked credibility because her testimony contained material inconsistencies with her asylum application. The Board noted that the main focus of Kende's application was that she was raped by two Ethiopian soldiers in May 1991 because of her association with her father. The Board found that Kende did not state in her asylum application or detailed statement attached to her application that soldiers raped her due to her family's political associations. The Board also noted the

3

inconsistency that, in her asylum application, Kende alleged that local villagers chased and harassed her because of her suspicions that she was providing secret information to communists, but she did not testify to this at the IJ hearing.

Kende alleged that her testimony before the IJ regarding the rape was not inconsistent with her asylum application. The application stated that members of her family had been "sexually harassed." Kende argued to the Board that she did not use the word "rape" or specifically include herself in the allegation because Ethiopian society treats rape as taboo or extremely embarrassing. The Board found that this did not explain why she did not provide the information to United States officials, particularly considering the gravity of the proceedings. In addition, the application did state that Kende's friend was raped, so the word rape was used regardless of its humiliating effect. Finally, Kende's attorney admitted that he did not know that Kende was raped until less than ten days before the hearing. Considering these inconsistencies cited by the Board, we find substantial evidence supports its adverse credibility determination.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4