**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

OKSANA LINCHENKO,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 98-9508
(Petition for Review)
(No. 0090-0)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , **BARRETT** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Oksana Linchenko petitions this court to review the final deportation order of the Board of Immigration Appeals (BIA) which denied her requests for asylum and withholding of deportation. We exercise jurisdiction under 8 U.S.C. § 1105a(a), [1] and deny the petition.

Petitioner came from Russia to the United States in July 1994 at the age of nineteen. Although petitioner entered the United States on a six months' visitor's visa, she testified that she came with the intention of staying in the United States permanently. Petitioner's older brother had emigrated to the United States in 1990 and had subsequently married a United States citizen and become a citizen himself. In addition, her parents had obtained immigrant visas, through her brother, and planned to emigrate to the United States once petitioner was safely out of Russia.

Approximately five months after arriving in the United States, petitioner filed an application for asylum. In May 1995, after her visitor's visa expired, the

---

[1]     Section 1105a was repealed by § 306(b) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, which alters the availability, scope, and nature of judicial review in INS cases. Because petitioner's deportation proceedings commenced before April 1, 1997, IIRIRA's permanent "new rules" do not apply to this case. See id. § 309(a), (c)(1). However, IIRIRA's "transitional rules" do apply, because in this case the agency's final order was filed more than thirty days after IIRIRA's September 30, 1996 date of enactment. See id. § 309(c)(4). The repeal of § 1105a is not effective in cases such as this one where the transitional rules are in effect. See id.

INS commenced deportation proceedings against her. Petitioner conceded deportability and again requested asylum, as well as withholding of deportation.

At the hearing before the immigration judge (IJ) in October 1995, petitioner testified that, although she was born and raised in Russia, she was considered an ethnic Ukrainian because her father was from Ukraine. She noted that both her first and last names readily identified her as someone of Ukrainian descent. Petitioner claimed that she had been persecuted because of her Ukrainian heritage, and said that Russian sentiment against non-Russian ethnic groups, including Ukrainians, had intensified since the breakup of the Soviet Union in 1991. Petitioner testified that she feared for her life if she were to return to Russia, especially since all her family was now in the United States.

The Attorney General has discretion to grant asylum to an otherwise deportable alien who qualifies as a "refugee" within the meaning of 8 U.S.C. § 1101(a)(42)(A). See id. § 1158(b)(1). "[A] grant of asylum requires two steps." Kapcia v. INS, 944 F.2d 702, 706 (10th Cir. 1991). At the first step, the alien must establish that she is eligible for refugee status. See id.; 8 C.F.R. § 208.13(a) (placing burden of proof on asylum applicant to establish refugee status). If the alien establishes her statutory eligibility as a refugee, then in the second step the Attorney General applies her discretion to grant or deny asylum. See Kapcia, 944 F.2d at 708.

To establish refugee status, petitioner had to present specific facts showing either that she was persecuted in Russia in the past or she had a genuine and reasonable fear of being persecuted in the future if she returned, and that the persecution was or would be "'on account of race, religion, nationality, membership in a particular social group, or political opinion.'" Id. at 706-07 (quoting 8 U.S.C. § 1101(a)(42)).  The BIA concluded that petitioner had failed to establish her statutory eligibility as a refugee and, therefore, denied her application for asylum at the first step.

We review the BIA's determination of refugee status under a substantial evidence standard.  See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  We must uphold the BIA's determination unless petitioner establishes that the evidence compels a conclusion that she suffered past persecution or has a well-founded fear of future persecution.  See id. & n.1.

Based upon our review of the record, [2] we conclude that substantial evidence supports the BIA's determination that petitioner failed to establish that

_____

[2]    Petitioner attaches to her opening brief a number of affidavits that she contends were submitted to the IJ, but which are not part of the administrative record.  She disputes the INS' contention that we may not consider documents outside the administrative record and argues, alternatively, that we should remand the action to the BIA to consider these affidavits.  We agree with the INS that our review is limited to the administrative record.    See 8 U.S.C. § 1105a(a)(4).  Further, because the affidavits merely contain further details of the same events testified to by each of the affiants at the hearing before the IJ, we see no need to remand the action to the BIA for review of these affidavits.

-4-

she was the victim of past persecution on account of her Ukrainian heritage. As the BIA found, the harassment and discrimination described by petitioner and her family and friends do not rise to the level of persecution. See, e.g., Singh v. INS, 134 F.3d 962, 967 (9th Cir. 1998) ("Although persecution does not require bodily harm or a threat to life or liberty, persecution is an extreme concept that does not include every sort of treatment our society regards as offensive.") (quotation and citation omitted). Further, some of the mistreatment that petitioner allegedly suffered appears to have been motivated by factors other than her Ukrainian heritage.

We also conclude that substantial evidence supports the BIA's determination that petitioner failed to establish a well-founded fear of persecution if she returned to Russia. Although the evidence showed that anti-Ukrainian sentiment exists in Russia and may be on the rise, the evidence did not establish either a "reasonable possibility," INS v. Cardoza-Fonseca, 480 U.S. 421, 440 (1987) (quotation omitted), that petitioner would be singled out for persecution, see Kapcia, 944 F.2d at 707 n.3, or a "pattern or practice" of persecuting people similarly situated to petitioner in Russia, 8 C.F.R. § 208.13(b)(2)(i).

To establish her eligibility for withholding of deportation, petitioner had to "demonstrate a clear probability of persecution with objective evidence that it is more likely than not that . . . she will be subject to persecution upon deportation."

Baka v. INS , 963 F.2d 1376, 1380 (10th Cir. 1992) (quotations omitted).  Because petitioner was not able to establish a reasonable possibility of future persecution, she obviously cannot satisfy the more stringent standard required for withholding of deportation.   See Castaneda v. INS , 23 F.3d 1576, 1578 (10th Cir. 1994).

The petition for review is DENIED.


Entered for the Court


Deanell Reece Tacha
Circuit Judge