**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SALIOU DIALLO; AISSATOU T. DIALLO,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-2429

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A29-695-403)

Submitted: March 9, 1999

Decided: April 1, 1999

Before LUTTIG and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Bokwe G. Mofor, IMMIGRATION ASSISTANCE CENTER, INC.,
Silver Spring, Maryland, for Petitioner. Frank W. Hunger, Assistant
Attorney General, David M. McConnell, Assistant Director, Michelle
E. Gorden, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Saliou Diallo and his wife, Aissatou Tafsir Diallo, petition for review of a final order of the Board of Immigration Appeals (Board) denying Saliou Diallo's application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

Petitioners, natives and citizens of Guinea, entered the United States in 1990 and 1991 as non-immigrant visitors. Both overstayed their visas and in July 1996, the Immigration and Naturalization Service (INS) issued an order to show cause why they should not be deported. Saliou Diallo then filed an application for asylum and withholding of deportation. In his application for asylum and accompanying affidavit, Diallo alleged that he and his family suffered persecution on account of their ethnic background and political opposition to the ruling Guinean government. Diallo described how in 1975 he was arrested, beaten and detained for four days because the government erroneously suspected him of being affiliated with a political organization that had revolted against the government. When a soldier at the military prison recognized the mistake, Diallo stated that his captors freed him without explanation. Diallo further asserted that on account of his ethnic background the government revoked his scholarship when he resisted its efforts to force him to study social science. The government then forced him to teach against his wishes but he ultimately quit without incident. Thereafter the government repeatedly interfered with Diallo's efforts to run a business by extorting money and continually threatening to arrest him without cause. On one occasion the government imprisoned Diallo for a month, during which he was beaten and tortured. He was released only after paying a substantial bribe. In a separate incident Diallo was again arrested and forced to pay money to the police to avoid incarceration. Fearing continued oppression on the basis of his ethnicity, Diallo fled Guinea in 1990.

Following a hearing, the Immigration Judge (IJ) found that Diallo's claims of persecution lacked credibility and issued a decision denying him and his wife asylum and withholding of deportation but granting voluntary departure. The IJ based her decision on numerous material inconsistencies among Diallo's asylum application, his direct testimony, and his testimony on cross-examination. Petitioners timely appealed to the Board. The Board dismissed the appeal, also finding that the claim lacked credibility due to significant discrepancies in the record. This appeal followed.

To establish eligibility for a grant of asylum, an alien must demonstrate that he is a "refugee" within the meaning of the Immigration and Nationality Act (Act). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1996); see M.A. v. United States Immigration & Naturalization Service, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. The subjective element requires that the applicant present "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999-1000 (4th Cir. 1992). Eligibility for asylum can also be based on grounds of past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. Id.

The standard for withholding of deportation is more stringent than that for asylum. INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430.

The Board has the power to review an IJ's findings de novo, to make its own findings even as to matters of credibility, and to assess

3

the legal sufficiency of the evidence. Huaman-Cornelio, 979 F.2d at 998. Findings of fact by the Board are reviewed by this court under the deferential substantial evidence standard and will not be reversed unless the record compels contrary findings. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Petitioners contend that the Board erred in dismissing their appeal because they demonstrated both past persecution and a well-founded fear of persecution due to their ethnic background and political opinion. They maintain that the evidence in its entirety compels a finding that they qualified for asylum. In agreeing with and adopting the IJ's decision, the Board noted important discrepancies between Diallo's written application and his testimony at the hearing. The Board cited contradictory information from Diallo about the length of his detention following his arrests, his treatment during his detention, and the circumstances of his release. In addition, Diallo claimed in his asylum application that he faced persecution on account of his political beliefs and ethnic background. At his hearing, however, his testimony suggested that the government mistreated him based on his unwillingness to continue a particular course of study and his operation of a commercial enterprise with a Belgian national. Although Diallo's ethnic background may have been a factor in the government's interference with his educational plans and business venture, his inconsistent presentation of the events pertinent to his asylum application supports the Board's adverse credibility finding.

Because the record contains substantial evidence supporting the Board's determination that Petitioners failed to meet their statutory burden of demonstrating eligibility for asylum, we must uphold the Board's decision. See Huaman-Cornelio, 979 F.2d at 999. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

4