UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTOR MANUEL GALICIA-ARRIAZA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-2569

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A70-674-820)

Submitted: April 27, 1999

Decided: May 28, 1999

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John William O'Leary, JOHN O'LEARY & ASSOCIATES, Wash-
ington, D.C., for Petitioner. David W. Ogden, Acting Assistant Attor-
ney General, Civil Division, David M. McConnell, Assistant Director,
Earle B. Wilson, Office of Immigration Litigation, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Galicia-Arriaza seeks a review of the decision of the Board of Immigration Appeals (Board) denying relief on his application for asylum and withholding of deportation. The Board's determination that Galicia-Arriaza is not eligible for asylum must be upheld if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West 1994). The decision may be reversed only if the evidence presented by Galicia-Arriaza was such that a reasonable fact finder would have to conclude that the requisite fear of persecution existed. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The Board concluded that Galicia-Arriaza failed to meet his burden of proving a well-founded fear of persecution on account of protected grounds if he were returned to El Salvador. Our review of the record discloses that the Board's decision is based upon substantial evidence and is without reversible error.

Although the Board did not specifically address Galicia-Arriaza's claim that he will be a target for persecution because of his family membership, much of the Board's reasoning also applies to this claim. Even if Galicia-Arriaza's family were at one time the specific target of guerrilla attacks, Galicia-Arriaza has failed to establish that he has a reasonable fear of such persecution if returned to El Salvador or that a different region of El Salvador is unavailable to him for relocation in order to avoid conflict. Furthermore, the record does not establish that he warrants a discretionary grant of asylum arising solely from the severity of past persecution based upon membership in his family unit. While the repeated threats against Galicia-Arriaza and the one physical attack he experienced as a civilian were, as the Board found, "reprehensible," they do not form a sufficient basis for a grant of asylum arising solely from the severity of past persecution. See Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v.

2

INS, 948 F.2d 962, 969 (5th Cir. 1991)) (holding that to establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane).

Because Galicia-Arriaza failed to show entitlement to asylum, he cannot meet the higher standard for withholding deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987).

Accordingly, we affirm on the reasoning of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3