**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VARATHARAJAH SIVASAMBO,
Petitioner,

v.                                                    No. 99-1306

JANET RENO,
Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals.
(A75-413-647)

Submitted: August 17, 1999

Decided: September 24, 1999

Before ERVIN,* HAMILTON, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Visuvanathan Rudrakumaran, LAW OFFICE OF VISUVANATHAN
RUDRAKUMARAN, New York, New York, for Petitioner. David
W. Ogden, Acting Assistant Attorney General, Emily Anne Radford,
Senior Litigation Counsel, Michelle E. Gorden, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Wash-
ington, D.C., for Respondent.

_____

*Judge Ervin participated in the consideration of this case but died
prior to the time the decision was filed. The decision is filed by a quorum
of the panel pursuant to 28 U.S.C. § 46(d).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Varatharajah Sivasambo seeks a review of the decision of the Board of Immigration Appeals (Board) denying relief on his application for asylum and withholding of removal. The Board's determination that Sivasambo is not eligible for asylum must be upheld unless that determination is "manifestly contrary to law." See 8 U.S.C.A. § 1252(b)(4)(C) (West 1999). The Board concluded that Sivasambo failed to meet his burden of proving a well-founded fear of persecution on account of protected grounds if he were returned to Sri Lanka. Our review of the record discloses that the Board's decision is without reversible error.

The abuse suffered by Sivasambo while detained by the Sri Lankan police does not form a sufficient basis for a grant of asylum arising solely from the severity of past persecution. See Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)) (holding that to establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane). Furthermore, Sivasambo failed to establish that he has a well-founded fear of future persecution on account of protected grounds if he is returned to Sri Lanka. Because Sivasambo did not establish eligibility for asylum, he cannot meet the higher standard for withholding removal. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2