**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ISAAC DEDESHA MAUUSO,
Petitioner,

v.

JANET RENO, Attorney General; U.S.
IMMIGRATION & NATURALIZATION
SERVICE,
Respondents.

No. 99-2668

On Petition for Review of an Order
of the Board of Immigration Appeals.
(No. A72-418-268)

Submitted: August 29, 2000

Decided: September 15, 2000

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Enid Gonzalez Aleman, LAW OFFICES OF ENID GONZALEZ
ALEMAN, Washington, D.C.; Karen T. Grisez, FRIED, FRANK,
HARRIS, SHRIVER & JACOBSON, Washington, D.C., for Peti-
tioner. David W. Ogden, Acting Assistant Attorney General, Joan E.
Smiley, Senior Litigation Counsel, Cindy S. Ferrier, Office of Immi-
gration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondents.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Isaac Dedesha Mauuso petitions for review of an order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Mauuso contends he qualified for relief because of past persecution under the system of apartheid that formerly existed in his native South Africa and due to the murder of his family by Zulu warriors of the Inkata Freedom Party (IFP). We review the Board's denial of relief for substantial evidence. See 8 U.S.C. § 1105a(a)(4) (1994).* Even if Mauuso's experiences amounted to past persecution, we find any presumption of a well-founded fear of future persecution to be sufficiently rebutted by evidence of dramatic changes in country conditions. See 8 C.F.R. § 208.13(b)(2) (2000). Because of the changes in South Africa and the possibility Mauuso could relocate to a new part of the country, we find he has no objective basis for a well-founded fear of persecution in South Africa today. See id.; Matter of Acosta, 19 I. & N. Dec. 211, 235 (BIA 1985).

Mauuso also disagrees with the Board's finding that he was not entitled to asylum for humanitarian reasons based on past persecution alone. We find substantial evidence supports the Board's conclusion that Mauuso's situation, either due to his suffering under apartheid or due to his family's murder, was not so severe that repatriation would be inhumane. See Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992); Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989). Accordingly we

_____

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996 (IIRIRA) effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable here under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

2

affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED