**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BEKELECH TESSEMA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-2185

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A74-273-986)

Submitted: February 26, 1999

Decided: March 19, 1999

Before ERVIN and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Mikre Michael Ayele, Arlington, Virginia, for Petitioner. Frank W.
Hunger, Assistant Attorney General, Ellen Sue Shapiro, Senior Liti-
gation Counsel, Nancy E. Friedman, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bekelech Tessema petitions for review of a final order of the Board of Immigration Appeals (Board) denying her application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (quoting Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir. 1987)); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1) (1998). This presumption may be rebutted by evidence demonstrating that there is no longer a reasonable fear of future persecution, such as when conditions in an alien's native country have changed significantly. See 8 C.F.R. § 208.13(b)(2) (1998).

2

Eligibility for asylum can also be based on grounds of past persecution alone even though there is "'no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. See id.; Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989).

We must uphold the Board's determination that Tessema is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994).* We accord the Board all possible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Tessema] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Tessema disagrees with the Board's finding that she failed to establish past persecution or a well-founded fear of future persecution in her home country of Ethiopia due to her Amharic heritage or her membership in the All Amhara Peoples Organization (AAPO). Our review reveals, however, that substantial evidence supports the Board's finding that Tessema did not satisfy her statutory burden.

Tessema, an Ethiopian native of Amhara ethnicity, entered the United States as a non-immigrant visitor in June 1991. Tessema testified that in 1976 she was arrested and detained for two years, along with her husband and father, because her husband was a member of the Ethiopian Democratic Union (EDU). The EDU opposed the Mengistu regime, the government in power at that time. Tessema further testified that during her detention, she was questioned on several occasions regarding her family's political beliefs and she was beaten.

_____

*We note that 8 U.S.C. § 1105a(a)(4) was repealed by the Illegal Immigration Reform Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

After her release from prison, Tessema graduated from technical school and worked for the Ethiopian Airlines. As an employee of the airline, Tessema was allowed to travel outside of Ethiopia. Tessema's husband was released from prison in 1980, at which time he was allegedly ordered to join the Workers Party of Ethiopia (WPE). During this time, the Ethiopian Peoples Revolutionary Democratic Front (EPRDF) ousted the Mengistu government from power and formed a new government. Tessema testified that, in 1991, because the EPRDF opposed the WPE, her husband was imprisoned until his death in 1993.

Finally, Tessema testified that after her husband was imprisoned in 1991, she became frightened and came to the United States. After she learned of her husband's death she decided not to return to Ethiopia, and she joined the AAPO. Tessema now asserts that if she returned to Ethiopia she would be persecuted because of her opposition to the EPRDF and her membership in the AAPO.

Although Tessema presented evidence that she had been subjected to past persecution, she testified that she was able to remain in Ethiopia for many years after her imprisonment and was employed by the Ethiopian Airlines from 1976 until 1991. Further, a preponderance of the evidence establishes that conditions have changed in Ethiopia. Moreover, Tessema has played a minor role in the AAPO while in the United States and there is nothing in the record suggesting that the Ethiopian government has any interest in Tessema because of her political activities. Finally, Tessema testified that she intended to return to Ethiopia after her husband was released from prison and only decided not to return after she learned of his death. Consequently, the Board correctly found that Tessema no longer has a well-founded fear of being persecuted based on her political membership. See Berroteran-Melendez, 955 F.2d at 1256 (regarding "well-founded fear of persecution").

The standard for withholding of deportation is more stringent than that for granting asylum. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430. As Tessema has not established entitlement to asylum, she cannot meet the higher standard for withholding of deportation.

4

We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED