UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

MAMADOU COULIBALY; SOULEYMANE
KADER COULIBALY; MAKOKO
COULIBALY; VACABA ALASSANE
COULIBALY,
Petitioners,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 98-1535

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A29-925-059, A72-415-966,
A72-415-967, A29-415-968)

Submitted: February 9, 1999

Decided: April 8, 1999

Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Petitioners. Frank W. Hunger, Assistant Attorney General,
Michelle Gluck, Senior Litigation Counsel, Laura M. Friedman,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Mamadou Coulibaly petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation, but granting voluntary departure. Because substantial evidence supports the Board's decision, we affirm.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in his discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West Supp. 1998). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West Supp. 1998); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (citation omitted); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1) (1998). This presumption may be rebutted by evidence demonstrating that this is no longer a reasonable fear of future persecution, such as when conditions in an alien's native country have changed significantly. See 8 C.F.R. § 208.13(b)(2) (1998).

2

Eligibility for asylum can also be based on grounds of past persecution alone even though this is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). "To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane." Id.; see Matter of Chen, 20 I. & N. Dec. 16 (BIA 1989).

We must uphold the Board's determination that Coulibaly is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C.A. § 1105a(a)(4) (West Supp. 1998).[1] We accord the Board all possible deference. See Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Coulibaly] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Coulibaly disagrees with the board's finding that he failed to establish past persecution or a well-founded fear of future persecution in his home country based on his political activities and opinion. Our review reveals, however, that substantial evidence supports the Board's finding that Coulibaly did not satisfy his statutory burden. Coulibaly is a native and citizen of Cote d'Ivoire. He entered the United States in March 1991, with permission to remain in the United States for just over two weeks, as a visitor for business. Coulibaly's four minor children were subsequently admitted to the United States in August 1993 as visitors for pleasure and overstayed their visas. Coulibaly admits the deportability of himself and his children as non-immigrant overstays.[2]

_____

[1] We note that 8 U.S.C.A. § 1105a(a)(4), was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-128, 110 Stat. 3009 (IIRIRA), effective April 1, 1997. Because this case was in transition at the time the IIRIRA was passed, 8 U.S.C. § 1105a(a)(4) is still applicable under the terms of the transitional rules contained in § 309(c) of the IIRIRA.

[2] The children's asylum claims are derivative of their father's application.

Coulibaly claims that he was the victim of past persecution in Cote d'Ivoire for his political activities and opinion and now fears return. He contends that upon return he would be subject to persecution based on his political opinion and because of his affiliation with the Ivory Coast Popular Front political party (FPI).

In his application for asylum and withholding of deportation, Coulibaly claims that he became chief of the youth branch of the FPI in his home district. The FPI is the main opposition party in Cote d'Ivoire. He claims that because of his active participation in the FPI and his opposition to the party in power in Cote d'Ivoire, he was threatened by soldiers, beaten with clubs, arrested, interrogated, and tortured. He alleges that his house was searched by soldiers who had found proof of his FPI membership and activities. He further alleges that his then fiancee bribed officials at the prison in order to effect his release. Coulibaly claims that after his release from prison he journeyed to the United States.

In an accompanying affidavit, Coulibaly claims that after his then fiancee arranged for his escape from prison, he took refuge in the southern part of his country and over the next few months was able to bribe an individual in his country to secure a passport. He claims that after his arrival in the United States, his then fiancee and the mother of his children was harassed by the police and interrogated. He further alleges that on one occasion she was arrested by four policemen, detained for four days, and interrogated concerning his whereabouts.

The Immigration Judge (IJ) found, and the Board agreed, that although Coulibaly provided general corroborative evidence, he did not provide any specific documentary evidence or independent third-party testimony verifying his membership in the FPI or his activities on behalf of the FPI either in Cote d'Ivoire or the United States. Rather, Coulibaly relied solely upon his testimony to support his claim. The IJ noted that while Coulibaly spoke of his activities with the FPI, he did not provide any particularized details regarding the FPI platform, the FPI party, or the FPI movement itself. For example, when asked to describe the type of activities in which he was involved as a member of the FPI, Coulibaly vaguely responded,"Well, our political movement, the goal of it was to enlighten the people about

4

our goal . . . of the movement's goal." When further asked to specify his activities, he replied, "For example, the government that is presently in charge has had power now for 30 years, and so we must ask ourselves the question, `What has happened in the past, what is happening now, and then what will happen in the future?'" Coulibaly then recounted how he was selected to be chief of the youth branch of the FPI for Kumasi District, noting that his role was to recruit young people to join the FPI.

The Board found that Coulibaly's testimony regarding his political activities, which are central to his asylum claim, were insufficiently specific, coherent, and persuasive to alone support a finding of past persecution. The IJ and the Board also found that Coulibaly did not provide an explanation as to why he could not have secured independent documentary evidence or third-party testimony of his political activities. The Board noted that because Coulibaly first submitted his application over five years ago and has not been held in custody of the INS, he should have been able to obtain corroborating evidence of his past and current activities or explain the lack of availability of such evidence. Thus, the Board affirmed the IJ's holding that Coulibaly did not meet his statutory burden of establishing a valid claim of past persecution based on his pro-FPI political opinion.

With regard to Coulibaly's claim of a well-founded fear of future persecution, the Board adopted the reasoning of the IJ in denying his claim. Citing the State Department's Advisory Report, the IJ found that although Coulibaly may have subjective fears of being punished if he were required to return to his native country, the record did not contain corroborative evidence sufficient to establish an objective possibility of persecution. The State Department Advisory Report notes that, although human rights abuses against opposition party members, including FPI members, continue in Cote d'Ivoire, the abuses are against individuals who are very prominent in their party. The IJ further found that while Cote d'Ivoire has historically had political problems, the human rights violations in that country do show a country in transition from the single party to a multiparty system, with open opposition and elections that seat members of their legislation from a variety of parties, including the FPI. Thus, the IJ concluded, Coulibaly's subjective fears are not supported by the overall objective facts in the record. The IJ found that Coulibaly did not

5

address adequately the changed circumstances of his country, the recognition of the FPI as an opposition party, and the political activities of those associated with the FPI, including the seeking and securing of public office. The IJ concluded that Coulibaly did not establish a well-founded fear of future persecution approximately six years after he left his country for his limited political activities.

On appeal, Coulibaly maintains that he met his burden of proof with respect to past persecution and a well-founded fear of future persecution. He claims that the Board abused its discretion in denying his application for asylum and withholding of deportation by unduly relying upon the fact that his fiancee was unavailable to testify on his behalf and its reliance on the State Department's Country Report for the Ivory Coast. Coulibaly's contention that the Board abused its discretion is misplaced because the Board found him ineligible for relief and did not reach the question of whether he merited a grant of asylum in the exercise of discretion. Rather, the Board found that Coulibaly was ineligible for asylum because he failed to demonstrate persecution or a well-founded fear of persecution. We find that substantial evidence supports this determination.

Contrary to Coulibaly's assertions on appeal, the Board did not give overwhelming weight to the fact that his fiancee and mother of his children was unavailable to testify, a review of the Board's decision reveals that the Board merely noted that Coulibaly alleged that she was unavailable to testify due to mental illness and that he verified this fact by providing the IJ a letter from a social worker. The Board found that Coulibaly did not provide any "specific documentary evidence or independent third-party testimony" verifying his membership in and activities on behalf of the FPI. Thus, we find that the Board did not unduly rely upon the fact that Coulibaly's fiancee was unavailable to testify on his behalf. Coulibaly also contends that he gave specific, detailed and coherent testimony regarding his past persecution. He correctly notes that an alien's testimony is sufficient to establish a claim for asylum so long as it credible, persuasive, and specific. See Matter of Mogharrabi, 19 I. & N. Dec. 439 (BIA 1987). In Coulibaly's case, however, the Board found that his testimony was "insufficiently specific, coherent, and persuasive to alone support a finding of past persecution."

6

With regard to his claim of a well-founded fear of future persecution, Coulibaly claims that the conditions in his country have not significantly changed to make his fear of returning unreasonable and that he offered five exhibits which paint a much bleaker picture of the political and human rights conditions in the Ivory Coast than that contained in the State Department Country Report. Our review of the Board's decision, however, is limited to a determination of whether substantial evidence supports the Board's decision. However, such reports concerning the political situation in a particular country are regarded as the most appropriate and perhaps the best resource for information on political situations in foreign nations. See Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir. 1995) (quoting Rojas v. INS, 937 F.2d 186, 190 n.1 (5th Cir. 1991)). We conclude that substantial evidence supports the Board's denial of asylum despite the existence of contrary evidence in the record.

Because Coulibaly has not established eligibility for asylum, he cannot meet the higher standard for withholding of deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 431-32 (1987). We accordingly affirm the Board's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7