**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KONJIT MECHA,
Petitioner,

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

No. 00-1220

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-701-962)

Submitted: July 20, 2000

Decided: August 30, 2000

Before MOTZ, TRAXLER, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Allan Ebert, Washington, D.C., for Petitioner. David W. Ogden, Act-
ing Assistant Attorney General, Karen Fletcher Torstenson, Assistant
Director, Timothy P. McIlmail, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Konjit Mecha, a native and citizen of Ethiopia, petitions for review from a final order of the Board of Immigration Appeals (Board). That order affirmed the September 8, 1995 order of the immigration judge (IJ) denying Mecha's applications for asylum and withholding deportation and granting her request for voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) (1994).* We grant Mecha's petition for review, vacate the Board's order, and remand for further proceedings.

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. See 8 U.S.C.A. § 1158(a) (West 1999). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C.A. § 1101(a)(42)(A) (West 1999); M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (en banc). The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS , 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, con-

_____

*The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a (1994), and replaced it with a new judicial review provision. See IIRIRA§ 306(c)(1), Pub. L. No. 104-208, 110 Stat. 3009 (1996), as amended by Act of Oct. 11, 1996, Pub. L. No. 104-302, 110 Stat. 3656. The new provision, however, does not apply to petitioners whose deportation proceedings commenced before April 1, 1997. This court, therefore, continues to have jurisdiction in this case pursuant to 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1).

2

crete facts that would lead a reasonable person in like circumstances to fear persecution. See Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992). A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1) (2000). This presumption may be rebutted by a preponderance of the evidence demonstrating that there is no longer a reasonable fear of future persecution, such as when conditions in an alien's native country have changed significantly. See id. Eligibility for asylum can also be based on grounds of past persecution alone even though there is "`no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, an alien must show past persecution so severe that repatriation would be inhumane. Id.

We must uphold the Board's determination that Mecha is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). The decision may be reversed only if the evidence presented by Mecha was such that a reasonable fact finder would have to conclude that the requisite persecution existed. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

Mecha's asylum application was based upon persecution under the Ethiopian Mengistu regime and later under the government that overthrew the Mengistu regime in 1991. The Board agreed with the IJ that the harm suffered by Mecha under the Mengistu regime rose to the level of persecution, especially in light of Mecha's very young age at the time she suffered the harm. The Board further agreed that conditions in Ethiopia have changed so that Mecha no longer has a reasonable fear of future persecution if returned and also that Mecha does not qualify for a grant of asylum based solely upon the severity of her past persecution.

The Board's finding that Mecha experienced past persecution is supported by substantial evidence. However, the record does not contain substantial evidence supporting a finding of changed country conditions. The evidence presented by the Immigration and Naturalization Service as to changed country conditions consisted of a four-sentence Associated Press article that appeared in the Washington

3

Post. The article provided no information as to how the present Ethiopian government is different from the prior government. In contrast, Mecha submitted Amnesty International and Human Rights Watch reports describing human rights abuses under Ethiopia's transitional government. Because the record is deficient as to whether conditions in Ethiopia have changed so as to rebut the legally mandated presumption of a well-founded fear of persecution, we vacate the Board's order and remand for further proceedings in which both parties may submit current evidence as to changed country conditions. We intimate no view as to whether the supplemented record would support a finding of significantly changed country conditions so as to rebut the well-founded fear presumption.

For the foregoing reasons, we grant Mecha's petition for review, vacate the Board's order, and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4