**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-2032**

RAJA AURANGZEB KHAN,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals.
(A71-797-707)

Submitted:  February 25, 2004        Decided:  April 7, 2004

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Ivan Yacub, LAW OFFICE OF IVAN YACUB, Falls Church, Virginia, for
Petitioner.  Peter D. Keisler, Assistant Attorney General, Linda S.
Wendtland, Assistant Director, Norah Ascoli Schwarz, Senior
Litigation Counsel, Office of Immigration Litigation, Civil
Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Raja Aurangzeb Khan, a native and citizen of Pakistan, petitions this court for review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of Khan's application for asylum and withholding of deportation.

Khan claims that the Board erred in finding him ineligible for asylum for humanitarian reasons. See 8 C.F.R. § 1208.13(b)(1)(iii)(A) (2003). "Eligibility for asylum can be based on the grounds of past persecution alone even though there is 'no reasonable likelihood of present persecution.'" Baka v. INS, 963 F.2d 1376, 1379 (10th Cir. 1992) (quoting Rivera-Cruz v. INS, 948 F.2d 962, 969 (5th Cir. 1991)). To establish such eligibility, Khan must show "past persecution so severe that repatriation would be inhumane." Id.; see Matter of Chen, 20 I. & N. Dec. 16, 19 (BIA 1989). We have held that "[e]ligibility for asylum based on severity of persecution alone is reserved for the most atrocious abuse." Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999).

Even if Khan was severely mistreated while detained in Pakistan, his case is simply not "'the rare case where past persecution is so severe that it would be inhumane to return the alien even in the absence of any risk of future persecution.'" Id. (quoting Vaduva v. INS, 131 F.3d 689, 690 (7th Cir. 1997)).

Khan alleges on appeal that, even in the absence of a well-founded fear of persecution, he is entitled to asylum because "there is a reasonable possibility that he . . . may suffer other serious harm" on removal to Pakistan. 8 C.F.R. § 1208.13(b)(1)(iii)(B). As Khan did not raise this claim before the immigration judge or the Board, he has waived the issue and may not present it to this court. Gonahasa, 181 F.3d at 544.

We uphold the Board's denial of Khan's application for withholding of deportation. The standard for receiving withholding of deportation is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution based on a protected ground. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Kahn has failed to establish refugee status, he cannot satisfy the higher standard for withholding of deportation.

We deny Kahn's motion for stay of deportation and the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED